PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KELSEY C. DAVIDSON (CABN 322323)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-7027
    kelsey.davidson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-CR-00182-JD |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Court: Hon. James Donato |
| GIOVANNI VASSALO, | Hearing Date: April 28, 2025 |
| Defendant. | Hearing Time: 10:30 a.m. |

**I.   INTRODUCTION**

The defendant has a lengthy record of violating statutes on indecent exposure. He has numerous arrests for masturbating, exposing his genitals, and committing lewd acts in public parks and beaches, often in front of children. In the instant offense, the defendant was masturbating at Crissy Field near four children, two of whom were in front of him building sandcastles. The defendant was also in violation of a stay away order at the time. The defendant has been in federal custody since October 2023. At the time of sentencing, he will have been in federal custody for 6.5 months, more than the recommended Guidelines' sentence of 0 to 6 months. Thus, the government respectfully requests that the Court impose a sentence of 30 months' probation and order that the defendant, as part of his probation, complete mental health diversion in San Francisco state court and comply with all of the Probation Office's mental health recommendations.

**II.   OFFENSE CONDUCT**

The government generally agrees with the recitation of the offense conduct in the Presentence Investigation Report (PSR) prepared by the Probation Office. PSR at ¶¶ 7-10. On November 27, 2022, the defendant was at Crissy Field in the Presidio of San Francisco near a mother ("Victim 1") with her two children, a nanny ("Victim 2") with two children, and another woman ("Victim 3"). He was wearing a thong. The defendant was making funny faces at Victim 1's children who were making a sandcastle. At some point, the defendant began masturbating and exposed his genitals behind the children. Victim 3 told Victim 1 that the defendant was naked and masturbating behind her children, and Victim 2 also saw the defendant masturbating in front of the children. When law enforcement arrived, the defendant fled. All three adult victims positively identified the defendant.

**III.   PROCEDURAL HISTORY**

On June 13, 2023, the grand jury returned a one-count Indictment against the defendant. Dkt. 1. The defendant was charged with Indecent Exposure in violation of 18 U.S.C. § 13, assimilating California Penal Code § 314(1). On October 28, 2024, the defendant pled guilty to Count One of the Indictment. Dkt. 44.

**IV.   SENTENCING GUIDELINES CALCULATIONS**

The government agrees with the Probation Office's calculations of the Sentencing Guidelines in

1  the PSR.  ¶¶ 15-23.  Specifically, the government agrees that the Guidelines are calculated as follows:

| Count Group One | |
|---|---|
| Base Offense Level – § 2X5.1 and § 2A2/3(a)(2) | 4 |
| Acceptance of responsibility – § 3E1.1 | - 2 |
| **Total Offense Level** | **2** |

The government agrees that the defendant is in Criminal History Category 2, which yields a Guidelines range of 0 to 6 months' imprisonment.

## V.     APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id.*  After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

## VI.    RECOMMENDED SENTENCE AND SECTION 3553(A) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court impose a sentence of 30 months' probation and order the defendant to attend mental health diversion in San Francisco State Court as part

of his probation. Such a sentence would be sufficient, but not greater than necessary, given the nature and circumstances of the offense and the history and characteristics of the defendant.

First, the nature and circumstances of the offense warrant a sentence of probation with an order to attend mental health diversion in San Francisco State Court. The defendant was masturbating in front of three adults and four children. The fact that there were children present is especially problematic. Additionally, the defendant fled from law enforcement when they attempted to detain him.

Second, the history and characteristics of the defendant warrant a sentence of 30 months' probation. The defendant has numerous prior contacts with law enforcement for similar behavior. There have been several delays in this case due to the defendant being detained at various points for similar charges in state court, including delays in his initial appearance and change of plea hearing. Numerous people have reported the defendant to law enforcement for masturbating in public (often in front of children), exposing his genitals in front of or to children, and for other incidents of nudity or lewd behavior. PSR ¶¶ 29-63. The defendant has a clear pattern of committing similar offenses in public parks and beaches. On the other hand, it is clear that the defendant has some trauma in his past, including past abuse, which is contributing to his behavior. PSR ¶¶ 71-76.

Given all of this, significant mental health treatment is needed in order to protect the public. The defendant was ordered to complete mental health diversion in San Francisco State Court for similar conduct to the instant offense. The diversion program is 18 to 24 months. The Probation Office has also recommended outpatient mental health treatment, sex offense-specific treatment, psychological testing, and alcohol abuse treatment. Thirty months of probation would allow the defendant to fully participate in all of these mental health treatments and address the underlying causes of his behavior. Additionally, the defendant has already been in federal custody for over 6 months. A sentence of 30 months' probation, including mental health diversion court, is therefore sufficient but not greater than necessary to comply with the purposes set forth in § 3553.

## VII. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 30 months of probation and that the defendant be ordered to attend mental health diversion in San Francisco state court.

| | |
|---|---|
| DATED: April 10, 2025 | Respectfully submitted, |
| | PATRICK D. ROBBINS<br>Acting United States Attorney |
| | ___/s/_____<br>KELSEY C. DAVIDSON<br>Assistant United States Attorney |